UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELISBET TAMAYO GARCIA,

    Plaintiff,

v.                                                 Case No. 2:20-cv-476-JLB-NPM

ANDREW SAUL, Commissioner of Social
Security,

    Defendant.
_____/

## ORDER

    The Commissioner requests remand under sentence four of 42 U.S.C. § 405(g) in order to: (1) "develop testimony from the claimant regarding how she actually performed her past relevant work"; (2) "obtain supplemental vocational expert testimony determining if the claimant can perform her past relevant work"; (3) "develop vocational expert testimony whether the claimant can perform other jobs that exist in significant numbers in the national economy"; and (4) "take any further actions necessary to complete the administrative record and issue a new decision." (Doc. 28 at 1.) The Commissioner advises that Plaintiff's counsel does not object to the relief requested. (Id.)

    Pursuant to sentence four of section 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." When a case is remanded under sentence four of section 405(g), the district court's jurisdiction over the plaintiff's

case is terminated. Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996) (citing Shalala v. Schaefer, 509 U.S. 292, 299 (1993)). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Shalala, 509 U.S. at 297. A remand under sentence four of section 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." Jackson, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, it is **ORDERED**:

1. The Commissioner's unopposed motion to remand (Doc. 28) is **GRANTED**.

2. The Commissioner's decision denying benefits is **REVERSED**, and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the motion. (Doc. 28 at 1.)

3. If benefits are awarded, any fee application under section 406(b) must comply with the Order in Miscellaneous Case No. 6:12-mc-124-Orl-22.

4. The Clerk of Court is directed to enter judgment, terminate any pending deadlines, and to close the file.

**ORDERED** in Fort Myers, Florida, on April 21, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE