UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELISBET TAMAYO GARCIA,

    Plaintiff,

v.                                      Case No. 2:20-cv-476-JLB-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is an Unopposed Petition for EAJA Fees (Doc. 31). Plaintiff Elisbet Tamayo Garcia represents the Commissioner has no objection to the relief sought. (Doc. 31, p. 4).[1] For the reasons below, this Report recommends the unopposed petition be granted in part.

On April 21, 2021, the Court entered an Order (Doc. 29), reversing and remanding this action to the Commissioner to: "(1) develop testimony from the claimant regarding how she actually performed her past relevant work; (2) obtain supplemental vocational expert testimony determining if the claimant can perform

---

[1] Going forward, Plaintiff's counsel must comply with Local Rule 3.01(g), which requires a separate certification that the movant has conferred with opposing counsel.

her past relevant work; (3) develop vocational expert testimony whether the claimant can perform other jobs that exist in significant numbers in the national economy; and (4) take any further actions necessary to complete the administrative record and issue a new decision." (Doc. 29, p. 1 (quoting Doc. 28, p. 1) (internal quotation marks omitted)). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $8,398.75 in attorney's fees, and $24.00 in paralegal fees. (Doc. 31, p. 1).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition, this Report finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*,

505 U.S. 557, 562 (1992). After review of the services provided, this Report finds 40.10 hours expended by attorneys Carol Avard and Mark Zakhvatayev are reasonable. (Doc. 31, p. 3; Doc. 31-1, pp. 12-14).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests hourly rates of $207.50 for 2020, and $210.00 for 2021. (Doc. 31, p. 3). These hourly rates and number of hours expended appear reasonable. Thus, it is recommended that the Court award $8,398.75 in attorney's fees.

Plaintiff also requests $24.00 in paralegal fees. (Doc. 31, p. 1). According to the time records, the paralegal spent .4 hours at $60.00 per hour electronically filing two responses in opposition. (Doc. 31-1, p. 12). "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in

an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, No. 8:19-cv 273-T-24PDB, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020). Thus, this Report recommends paralegal fees not be awarded.

Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. 31-2). The Agreement provides: "[Plaintiff] hereby assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (Doc. 31-2). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, this Report recommends the Unopposed Petition for EAJA Fees (Doc. 31) be **GRANTED in part**, and fees of $8,398.75 be awarded to Plaintiff, and this award be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff. This Report also recommends denying the request for $24.00 in paralegal fees.

Reported in Fort Myers, Florida on June 29, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

4

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**